# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                          No. 01-4534

DIARRA JERMAINE BODDY,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-95-20)

Submitted: November 28, 2001

Decided: December 20, 2001

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

David Schles, STOWERS & ASSOCIATES, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, R. Booth Goodwin II, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Diarra Jermaine Boddy appeals from the district court's order revoking his supervised release and imposing an eighteen-month prison sentence. We find no merit to his claim; consequently, we affirm.

Boddy admits that he violated the terms of his supervised release but contends that the district court erred in sentencing him to a term longer than one year. Under 28 U.S.C.A. § 3583(e)(3) (West 2000),

> a defendant whose [supervised release] term is revoked . . . may not be required to serve more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class D felony, or more than one year in any other case.

Boddy argues that "the offense that resulted in the term of supervised release" was his violation of the conditions of supervised release, namely testing positive for cocaine use and committing battery, rather than his original Class B felony conviction. Therefore, he contends that the district court could sentence him to no more than one year in prison. However, when a defendant violates the terms of his supervised release, the sentence imposed upon revocation is punishment for the original offense and not punishment for the conduct prompting the revocation. *United States v. Woodrup*, 86 F.3d 359, 360-62 (4th Cir. 1996). Because Boddy's original offense was a Class B felony, we find that Boddy's eighteen-month prison term comports with the requirements of § 3583(e)(3).

For these reasons, we affirm the district court's order revoking Boddy's supervised release and imposing an eighteen-month sentence. We deny Boddy's request for oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*